IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| LOWELL EDWARD JACKSON, | Case No. 3:17-cv-01062-SB |
| Plaintiff, | **FINDINGS AND RECOMMENDATION** |
| v. | |
| EDDIE CLIMMER, BILL BRADY, and ARAMARK FOOD SERVICE, | |
| Defendants. | |

**BECKERMAN, Magistrate Judge.**

Lowell Edward Jackson ("Plaintiff") is an inmate in the custody of the Oregon Department of Corrections ("ODOC"). He filed this civil rights action against Eddie Climer,[1] Bill Brady, and Aramark Food Service (collectively, "Defendants"), alleging negligence and violations of Plaintiff's rights under the First, Eighth, and Fourteenth Amendments to the United States Constitution. (Am. Compl.) Defendants move for summary judgment, pursuant to Federal Rule of Civil Procedure 56. (ECF No. 10.)

---

[1] Defendants' motion for summary judgment provided the correct spelling for Defendant Climer's surname. (ECF No. 10 at 1.)

PAGE 1 – FINDINGS AND RECOMMENDATION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1367. For the reasons that follow, the Court recommends that the district judge grant Defendants' motion for summary judgment.

**BACKGROUND**

Plaintiff is allergic to pork. (Am. Compl. at 2.) He documented that allergy with the staff at Multnomah County's Inverness Jail. (*Id.*) He requested, and was denied, a halal diet. (*Id.*) Plaintiff alleges that Inverness Jail served meals containing pork on May 19 and May 20, 2017. (*Id.*) He did not consume the alleged pork products, but, instead, "rec[e]ived v[e]ggie tray both times." (*Id.*)

Plaintiff filed two Service Request Forms relating to his diet. (*Id.* at 7-8.) Both predate the alleged incidents. In a March 16, 2017, service request, Plaintiff asked for a pork-free diet "according to [his] religion" and stated that the beans served that day contained pieces of pork. (*Id.* at 8.) Inverness staff responded the following day, explaining that the jail is a pork-free facility and that any meat present in the meal was poultry. (*Id.*)

In a second service request, dated May 15, 2017, Plaintiff stated that he was writing "concerning the 'Allerg[e]n to Pork' slips" from food service. (*Id.* at 7.) A staff member replied, "Yes, I saw the 2 slips where you were given a veg[gie] meal instead of the reg meal. You can go on a veg[gie] diet if you like." (*Id.*) Plaintiff does not allege that he filed any food-related complaints through the institution's administrative grievance process.

Plaintiff claims that Defendants committed negligence by serving food containing pork despite knowledge of Plaintiff's allergy. (*Id.* at 2.) He also claims that Defendants violated his Fourteenth Amendment right to equal protection because they serve kosher meals to Jewish inmates, but do not serve halal meals to Muslim inmates. (*Id.* at 3.) Plaintiff cites to the First and

PAGE 2 – FINDINGS AND RECOMMENDATION

Eighth Amendments in his list of causes of action, but provides no specific allegations in support of those citations. (Am. Compl.)

Defendants now move for summary judgment. (ECF No. 10.) In support of that motion, Defendants submitted a declaration from Lewis Kyle, chaplain at Inverness Jail. Chaplain Kyle states that Inverness Jail has been a pork-free facility for over 17 years. (Kyle Decl. at ¶ 6.) Also, the jail discontinued both kosher and halal meals in 2013, in consultation with the facility's rabbi and imam. (*Id.* at ¶ 5.) Instead, Inverness Jail serves vegetarian and vegan meal options to meet both religions' dietary requirements. (*Id.* at ¶¶ 4-5.)

In a separate declaration, Defendant Eddie Climer, the Food Service Director at Inverness Jail, reaffirms that the jail has been pork-free for 17 years. (Climer Decl. at ¶ 7.) He provides copies of the jail's food service menus for March 16, 2017, and May 19, 2017. (*Id.*, Exs. 2, 3.) Defendant Climer explains that the "T Ham Navy Beans" and "Breakfast Sausage" served at Inverness Jail contain poultry meat, not pork. (Climer Decl. at ¶¶ 3-6; *see also id.* at Ex. 4 (ingredient list for breakfast patties).)

In response to these factual assertions, Plaintiff responds that dextrose, an ingredient in the breakfast patties served at Inverness Jail, is made from pork skin or pork fat. (Resp. to Mot. for Summ. J.) He provides no supporting evidence, only a reference to an "'in camera exhibit' piece of [pork] at the Multnomah County Court Clerk Office." (*Id.*)

Defendants also filed the declaration of Commander Raimond Adgers, Commander of Multnomah County's Corrections Division. Commander Adgers reviewed the institution's inmate grievance database and attests that Plaintiff did not file a grievance relating to his current claims. (Adgers Decl. at ¶ 4.) Plaintiff does not dispute this fact.

**ANALYSIS**

**I.    STANDARD OF REVIEW**

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The initial burden for a motion for summary judgment is on the moving party to identify the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once that burden is satisfied, the burden shifts to the non-moving party to produce evidence showing that there remains a "genuine issue for trial." *Celotex*, 477 U.S. at 324.

The non-moving party may not rely upon the pleading allegations, *Brinson v. Linda Rose Joint Venture*, 53 F.3d 1044, 1049 (9th Cir. 1995), or "unsupported conjecture or conclusory statements." *Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003). On a motion for summary judgment, the court must view the facts in the light most favorable to the non-moving party, and all reasonable inferences must be drawn in favor of that party. *Porter v. Cal. Dep't of Corr.*, 419 F.3d 885, 891 (9th Cir. 2005) (citations omitted).

**II.    DISCUSSION**

Plaintiff alleges that Defendants served food containing pork, putting Plaintiff at risk of harm due to his known food allergy, and violating his Constitutional rights as a Muslim. Plaintiff failed to exhaust his administrative remedies for these claims. Even if the Court could excuse the exhaustion requirement, Plaintiff has not submitted evidence sufficient to create a genuine issue with regard to the material facts that Inverness Jail does not serve pork products to inmates and that it serves vegetarian and vegan options that meet halal dietary requirements.

  **A.    Exhaustion of Administrative Remedies**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that an inmate exhaust all available remedies before filing a federal law claim. *Porter v. Nussle*, 534

PAGE 4 – FINDINGS AND RECOMMENDATION

U.S. 516, 524 (2002). To exhaust administrative remedies under the PLRA, an inmate must complete the administrative review process in accordance with the applicable procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 88 (2006).

Exhaustion, under the PLRA, is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 216 (2007). A defendant has the burden of proving a plaintiff's failure to exhaust. *Albino v. Baca*, 697 F.3d 1023, 1031 (9th Cir. 2012). To meet that burden, a defendant "need only show the existence of remedies that the plaintiff did not use." *Id.* Once that showing is made, the burden shifts to the plaintiff to show that the grievance process was unavailable. *Id.* at 1032.

The Multnomah County Sheriff's Office inmate grievance policy states that "[t]he grievance process shall be used by inmates as a means of receiving, processing, and resolving complaints including, but not limited to, those involving policies, procedures, practices, regulations, conditions and staff conduct. . . ." (Adgers Decl., Ex. 1 at 2.) According to the Sheriff's Office inmate manual, Service Request Forms are not an accepted grievance form. (*Id.* at Ex. 2.)

Plaintiff did not file a grievance relating to his current claims. (Adgers Decl. at ¶ 4.) Plaintiff does not dispute this, but rather asserts: "Grievance system is 'inadequate' at Inverness, why? on this issue Aramark is 'third party' not state run entity." (Jackson Aff.)[2] Nothing in the plain text of the grievance policy excludes grievances against third party contractors operating within the institution. (Adgers Decl., Ex. 1.) Plaintiff's mistaken belief that he could not file a grievance regarding food service does not excuse his failure to exhaust. *See Ross v. Blake*, 136 S.

---

[2] Plaintiff filed an affidavit six days prior to filing his response brief. (ECF No. 17.) Given that Plaintiff is proceeding pro se, this Court will consider the affidavit in conjunction with the response.

Ct. 1850, 1858 (2016) (recognizing that an inmate's reasonable misunderstanding of a prison's grievance procedure does not render the process "unavailable" for exhaustion purposes).

A court may not consider unexhausted claims. *Jones*, 549 U.S. at 219-20. Accordingly, the district judge should grant Defendants' motion for summary judgment based on Plaintiff's failure to exhaust administrative remedies.

B. **No Reasonable Dispute as to Critical Facts**

Even if the district judge proceeds to the merits of Defendants' motion, it should enter summary judgment because there is no reasonable dispute that Inverness Jail is a pork-free facility, or that it serves halal-compliant meals.

Defendants support their motion for summary judgment with declarations from Inverness Jail's Chaplain and its Food Service Director. Both attest that the jail has not served pork to inmates in the past 17 years. (Kyle Decl. at ¶ 6; Climer Decl. at ¶ 7.) Plaintiff identified two food products that he suspected contained pork—"ham" and beans and the noodles served on May 19, 2017. (Am. Compl. at 2.) Defendant Climer explained that the jail serves "T Ham Navy Beans," and that the dish is made with turkey, not ham. (Climer Decl. at ¶ 3; *see also id*. at Ex. 1 (menu containing item).) He also provided the menu for May 19, 2017, which lists "Poultry MS & Noodles Brown Sauce," as the only noodle dish served that day. (*Id.* at Ex. 3.) Although not specifically identified by Plaintiff as a suspect food, Defendant Climer also submitted the ingredient list for the breakfast sausages served at the facility, showing that they, too, contain poultry and not pork. (*Id.* at Ex. 4.)

In response to this evidence, Plaintiff filed a statement that dextrose, one of the sausage ingredients, is a pork product. (Resp. to Mot. for Summ. J.) It is not. *See Corn Prod. Ref. Co. v. Fed. Trade Comm'n*, 324 U.S. 726, 743 (1945) (identifying dextrose as "corn sugar"). Plaintiff's conjecture is insufficient to create an issue of material fact. Because Plaintiff's negligence claim

PAGE 6 – FINDINGS AND RECOMMENDATION

hinges on the unsupported allegation that the jail serves pork, the district court should grant Defendants' motion for summary judgment as to that claim.

Likewise, Plaintiff's equal protection claim hinges on the allegation that the jail serves kosher, but not halal meals. Plaintiff offered no evidence to dispute Defendants' declarations stating that Inverness Jail discontinued both kosher and halal meals in 2013, and serves vegetarian and vegan meals to meet religious dietary requirements. (Climer Decl. at ¶¶ 4-5.) In fact, Plaintiff's own evidence supports the fact that Inverness Jail made vegetarian meal options available to him. (Am. Compl. at 2; *id.* at 7.) Absent any dispute that Inverness Jail treats Jewish and Muslim dietary needs alike, Plaintiff's equal protection claim fails and the district judge should grant Defendants' motion for summary judgment.[3]

## CONCLUSION

For the reasons stated, the district judge should grant Defendants' motion for summary judgment. (ECF No. 10.)

///

///

///

///

///

///

///

///

---

[3] To the extent that Plaintiff's citation to the First Amendment could be construed as a claim that the jail's meal service violated his right to free exercise of his religion, that claim must be dismissed as well. In addition, Plaintiff did not provide any allegations, or evidence, to support an Eighth Amendment claim for cruel and unusual punishment.

PAGE 7 – FINDINGS AND RECOMMENDATION

**SCHEDULING ORDER**

The Court will refer its Findings and Recommendation to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, the Findings and Recommendation will go under advisement on that date. If objections are filed, a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 22nd day of November, 2017.

STACIE F. BECKERMAN
United States Magistrate Judge