# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

**LOWELL EDWARD JACKSON**,

    Plaintiff,

v.

**EDDIE CLIMMER, BILL BRADY, and ARAMARK FOOD SERVICE**,

    Defendants.

Case No. 3:17-cv-01062-SB

**ORDER**

**Michael H. Simon, District Judge.**

United States Magistrate Judge Stacie F. Beckerman issued Findings and Recommendation in this case on November 22, 2107. ECF 24. Judge Beckerman recommended that Defendants' motion for summary judgment be granted.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require

a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendations for "clear error on the face of the record."

Plaintiff timely filed an objection. ECF 27. Plaintiff's objection, however, does not actually relate to any analysis or specific recommendation contained in the Findings and Recommendation. The Findings and Recommendation recommends that the claims against Defendants relating to the prison food (for negligence, equal protection violations, First Amendment violations, and Eighth Amendment violations) be dismissed for failure to exhaust and that, if the Court were inclined to reach the merits, the claims be dismissed because there are no genuine dispute on any material fact. Plaintiff objects that the Findings and Recommendation failed to address Plaintiff's claim for copyright infringement in his purported copyright in his name and that the magistrate judge failed to rule on Plaintiff's motion for money judgment. Accordingly, the Court follows the recommendation of the Advisory Committee and reviews the Findings and Recommendation for clear error on the face of the record. No such error is apparent.

Regarding Plaintiff's purported claim for copyright infringement, no such claim was raised in Plaintiff's amended complaint. Instead, Plaintiff filed a document titled "Copyright Violation Against Defendants: Tort Claim" (ECF 18) in response to Defendants' Motion for

Summary Judgment. This document claims copyright ownership in the name "Lowell Edward Jackson" by virtue of Plaintiff's birth certificate and states that their "appears to be" infringement of that copyright against nonparty Cosgrave, Vergeer, Kester, LLP ("Cosgrave"). Plaintiff then filed a document titled "Copyright Infringement Tort Claim Against Defendants. Rule 56(g)." ECF 19. This document reiterates that there "appears to be" a copyright infringement claim against nonparty Cosgrave for infringing Plaintiff's copyright in his name "secured thru [sic] copyright of the numbers in top corner of my strawman birth certificate." *Id.*

There are several problems with Plaintiff's attempt to raise a copyright claim. First, Plaintiff did not seek to amend his complaint and this this claim is not validly before the Court. Second, a response to summary judgment is not the time to amend pleadings or raise new claims. *See, e.g.*, *Navajo Nation v. U.S. Forest Serv.*, 535 F.3d 1058, 1080 (9th Cir. 2008) (finding that when allegations are not in the complaint, "raising such claim in a summary judgment motion is insufficient to present the claim to the district court"); *Wasco Prods., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 992 (9th Cir. 2006) ("'Simply put, summary judgment is not a procedural second chance to flesh out inadequate pleadings.'") (quoting *Fleming v. LindWaldock & Co.*, 922 F.2d 20, 24 (1st Cir.1990)); *Pickern v. Pier I Imports (U.S.), Inc.*, 457 F.3d 963, 968-69 (9th Cir. 2006) (new issues raised in response to summary judgment were not appropriate for consideration). Third, Cosgrave is not a party to this action and therefore is not under the jurisdiction of the Court and thus purported claims against Cosgrave are not properly before the Court in this case.

Finally, even if the Court were to consider Plaintiff's purported copyright claim on the merits (in the interests of judicial efficiency and because Plaintiff is proceeding *pro se*), the Court would dismiss the claims *sua sponte*. Under the Copyright Act, a copyright owner cannot

bring an action for infringement of a copyright until either the copyright is registered in accordance with the relevant provisions of the Copyright Act or the Copyright Office has refused to register the copyright. 17 U.S.C. § 411(a). Plaintiff does not assert that he has registered the copyright or tried to register it and been refused. Plaintiff's only assertion of copyright ownership is through his birth certificate. This is insufficient to give Plaintiff standing to sue for copyright infringement under the Copyright Act. *See Jennette v. United States*, 77 Fed. Cl. 126, 131-32 (2007) ("If the court construes plaintiff's Complaint as asserting copyright infringement of his name by the government, plaintiff must establish that the copyright is registered in accordance with the relevant provisions of the Copyright Act or the Copyright Office has refused to register the copyright. 17 U.S.C. § 411(a). Plaintiff has proffered no evidence of copyright registration nor the denial of copyright registration; plaintiff has not even asserted that he sought copyright registration in his Complaint or the attached documentation. Thus, this court lacks jurisdiction over any claims plaintiff might be asserting pursuant to 28 U.S.C. § 1498(b).").

With respect to Plaintiff's motion for money damages (ECF 22), this relates to Plaintiff's copyright claim. Accordingly, this motion is denied.

## CONCLUSION

The Court **ADOPTS** Judge Beckerman's Findings and Recommendation, ECF 24. Defendants' Motion for Summary Judgment (ECF 10) is GRANTED. Plaintiff's motion for money judgment (ECF 22) is DENIED. This case is dismissed with prejudice.

**IT IS SO ORDERED.**

DATED this 16th day of January, 2018.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge